UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVO HOLGUIN,
Petitioner,

-against-

LISA ANDERSON,
Respondent.

13 Civ. 1492 (LGS)

**OPINION & ORDER**

LORNA G. SCHOFIELD, District Judge:

Petitioner Gustavo Holguin, proceeding pro se, moves pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6) for relief from the 2016 denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On July 2, 2026, Magistrate Judge Henry J. Ricardo issued a Report and Recommendation (the "Report") recommending that Petitioner's motion (the "Motion") be denied. Petitioner timely filed objections to the Report and later refiled the objections (the "Objections") to provide a missing page as well as additional material. For the reasons below, the Objections are overruled, the Report's recommendation is adopted in full, and the Motion is denied.

## I. BACKGROUND

Familiarity with the underlying facts and procedural history is assumed. *See generally Holguin v. Lee*, No. 13 Civ. 1492, 2016 WL 1030129 (S.D.N.Y. Mar. 10) (denying habeas petition), *appeal dismissed*, No. 16-1045, 2016 WL 11005051 (2d Cir. Oct. 26, 2016). The facts and procedural history relevant to the Motion are summarized here:

### A. Post-Trial State Court Proceedings

Following a 2005 jury trial in the New York County Supreme Court, Criminal Term, Petitioner was convicted of one count of murder in the second degree and sentenced to a term of imprisonment of twenty-five years to life. In 2009, Petitioner appealed his conviction to the New

York Supreme Court, Appellate Division, First Department, asserting five grounds for reversal. Three of those grounds argued a Confrontation Clause violation based on the admission at trial of an autopsy report without testimony from the forensic pathologist who prepared the report. On March 16, 2010, the First Department unanimously affirmed Petitioner's conviction, finding that his constitutional arguments concerning the autopsy report were "unpreserved" and declining to reach them in the interest of justice. *People v. Holguin*, 895 N.Y.S.2d 820, 820 (1st Dep't 2010). Petitioner subsequently sought leave to appeal to the New York Court of Appeals, raising one of the three Confrontation Clause arguments presented to the First Department. The New York Court of Appeals denied leave on July 6, 2010. *People v. Holguin*, 933 N.E.2d 1056, 1056 (N.Y. 2010).

In 2011, Petitioner moved to vacate his judgment of conviction on several grounds, including that the substitute pathologist who testified at trial about the autopsy report, Dr. Andrea Coleman, had misrepresented her credentials and work history. The trial court denied the motion. Petitioner sought both reconsideration by the trial court and leave to appeal to the Appellate Division. Those requests were denied.

**B. Federal Habeas Proceedings**

On March 4, 2013, Petitioner filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court. The petition asserted four grounds for relief, including that the admission of the autopsy report and related testimony at trial violated the Confrontation Clause. On October 31, 2014, then-Magistrate Judge James L. Cott issued a Report and Recommendation recommending that the petition be denied. *Holguin v. Lee*, No. 13 Civ. 1492, 2014 WL 5508331, at *1 (S.D.N.Y. Oct. 31, 2014), *report and recommendation adopted*, 2016 WL 1030129 (S.D.N.Y.

Mar. 10, 2016). Judge Cott concluded that three of Petitioner's claims, including the Confrontation Clause claim, were procedurally barred because the First Department's finding that those claims were unpreserved rested on an independent and adequate state-law ground -- New York's contemporaneous objection rule. *Id*. at *9. That rule required Petitioner, through counsel, to preserve his Confrontation Clause claim by raising a specific, contemporaneous objection at trial, which Petitioner did not do. *Id.* at *12. Accordingly, Judge Cott did not reach the merits of Petitioner's Confrontation Clause argument. *See id.* Petitioner also raised Dr. Coleman's alleged misrepresentations in his reply brief, but Judge Cott declined to consider that argument because it had not been asserted as a ground for relief in the habeas petition. *Id.* at *4 & n.4. On March 10, 2016, Judge Cott's Report and Recommendation was adopted, and the petition was denied. *Holguin*, 2016 WL 1030129, at *1. Petitioner sought to appeal, but the motion was denied because Petitioner did not "ma[k]e a substantial showing of the denial of a constitutional right."[1] *Holguin*, 2016 WL 11005051, at *1.

**C. The Instant Motion and Report**

On September 10, 2025, Petitioner filed the instant Motion. The Motion principally argues that the Supreme Court's decision in *Smith v. Arizona*, 602 U.S. 779 (2024), establishes that the admission of the autopsy report at Petitioner's trial without testimony from the pathologist who prepared the report violated the Confrontation Clause.

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

On July 2, 2026, Judge Ricardo issued the Report recommending that the Motion be denied. The Report concludes that the Motion's central argument -- that *Smith* supports finding a Confrontation Clause violation at Petitioner's trial -- attacks Petitioner's underlying conviction and thus constitutes a successive habeas claim, which cannot be pursued through a Rule 60(b) motion. The Report separately construes the Motion to argue that *Smith* provides a basis to overcome the procedural bar to the Confrontation Clause claim in the habeas petition. The Report concludes that this argument is a permissible Rule 60(b) challenge to the prior habeas proceeding but nevertheless fails. The Report also recommends that the portions of the Motion attacking Petitioner's underlying conviction be denied as beyond the scope of Rule 60(b), rather than recharacterized as a successive habeas petition and transferred to the Second Circuit. On July 20, 2026, Petitioner filed the Objections.

## II. STANDARD

### A. Review of Report and Recommendation

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). "Where a litigant's objections take issue with a specific legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361

(2d Cir. 2025). "[T]he remaining portions of the report as to which no objections were made are reviewed for clear error." *Id.* at 360.

Because Petitioner proceeds pro se, his submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

**B. Rule 60(b)(6)**

Rule 60(b) permits a court to relieve a party from a final judgment for specified reasons, including "(6) any other reason that justifies relief." Rule 60(b)(6) is "a catch-all provision that is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020); *accord Li v. Alibaba Grp. Holding Ltd.*, No. 19 Civ. 11629, 2026 WL 760862, at *9 (S.D.N.Y. Mar. 17, 2026). "As a general matter, a mere change in decisional law does not constitute an extraordinary circumstance for the purposes of Rule 60(b)(6)." *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016); *accord SEC v. Mango Labs, LLC*, No. 24 Civ. 7334, 2026 WL 161024, at *4 (S.D.N.Y. Jan. 21, 2026).

"[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *accord Jaber v. United States*, No. 18 Civ. 12047, 2026 WL 1413569, at *1 (S.D.N.Y. May 20, 2026). A Rule 60(b)

motion impermissibly attacks the underlying conviction when the motion "seeks to add a new ground for relief" from the conviction, such as "a subsequent change in substantive law," or when the motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *accord Rivers v. Guerrero*, 605 U.S. 443, 453 (2025). In such cases, the motion "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. In contrast, a Rule 60(b) motion permissibly attacks the integrity of the habeas proceeding when the motion "asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n.4.

## III. DISCUSSION

Construed liberally, the Objections challenge the Report's conclusions that (1) the Motion primarily attacks Petitioner's underlying conviction and thus advances a successive habeas claim beyond the scope of Rule 60(b) and (2) to the extent the Motion properly challenges the prior habeas proceeding, *Smith* does not provide a basis to overcome the procedural bar that precluded consideration of Petitioner's Confrontation Clause claim on the merits. The Objections also renew Petitioner's contention regarding Dr. Coleman's alleged misrepresentations at trial and seek an evidentiary hearing on that issue. On de novo review, the Objections are overruled.

### A. Challenges to the Underlying Conviction

The Report concludes that the thrust of the Motion is an attack on Petitioner's underlying conviction. Construed liberally, the Objections dispute that conclusion and characterize the Motion as challenging the prior habeas proceeding -- specifically, the procedural ruling that precluded

consideration of Petitioner's Confrontation Clause claim on the merits. That characterization is incomplete.

A Rule 60(b) motion properly attacks the integrity of the previous habeas proceeding when the motion "asserts that a previous ruling which precluded a merits determination was in error -- for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* In contrast, a Rule 60(b) motion improperly attacks the underlying conviction -- and in substance advances a successive habeas claim -- when the motion "seeks to add a new ground for relief" from the underlying conviction, such as "a subsequent change in substantive law." *Id.* at 531-32.

Here, the Motion does not merely challenge the procedural ruling that federal habeas review of Petitioner's Confrontation Clause claim was barred by an independent and adequate state-law ground. The Motion also repeatedly uses *Smith* to attack Petitioner's underlying conviction. For example, the Motion argues that the "conviction is unconstitutional, based on *Smith*," and that "if [Petitioner] were to be confronted with the witness against him today, current law dictate[s] that Petitioner would be afforded his right to confrontation and that would prohibit the prosecution's introduction of testimonial 'expert hearsay' without affording Petitioner a prior opportunity to cross-examine the hearsay declarant." The Objections similarly continue to press the merits of Petitioner's Confrontation Clause claim, arguing that the admission of the autopsy report and related testimony violated Petitioner's constitutional rights and requires vacatur of his conviction. These arguments advance, in substance, a successive habeas claim. *See id.*

Petitioner's contention regarding Dr. Coleman's alleged misrepresentations likewise attacks the underlying conviction. The Motion alleges that Dr. Coleman lied about her credentials at trial and that this false testimony contributed to Petitioner's wrongful conviction. The Objections renew this contention and seek an evidentiary hearing on the issue. This argument challenges the validity of Petitioner's conviction rather than a defect in the prior habeas proceeding. But even if the argument were considered under Rule 60(b)(6), as the Report points out, the Motion does not explain what "extraordinary circumstances" warrant relief from the prior habeas judgment on this basis. *See Metzler*, 970 F.3d at 143. The Objections do not cure that deficiency. Because Petitioner has not established a basis for reopening the prior habeas proceeding based on Dr. Coleman's alleged misrepresentations, Petitioner's request for an evidentiary hearing on that issue is denied.

To the extent the Motion seeks relief from Petitioner's conviction based on the alleged Confrontation Clause violation or Dr. Coleman's alleged misrepresentations, the Motion advances successive habeas claims beyond the scope of Rule 60(b).

**B. Challenge to the Prior Habeas Proceeding**

The Report construed the Motion as additionally arguing that *Smith* provides a basis to overcome the procedural bar on which the prior rejection of Petitioner's Confrontation Clause claim rested. Construed liberally, the Objections renew that challenge. This objection is overruled.

Where, as here, a state prisoner "fail[s] to raise their federal claims in compliance with state procedures," a federal court "may excuse [the] procedural default only if [the] prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Shinn v. Ramirez*, 596 U.S. 366, 378-79 (2022). To establish cause for the default, a

petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 379. To establish actual prejudice, a petitioner must show that "the constitutional violation worked to his *actual* and substantial disadvantage." *Id.* at 379-80. Absent a showing of cause and prejudice, a petitioner can also overcome a procedural default if he can show that denying review would result in a "fundamental miscarriage of justice," but this exception is limited to "extraordinary case[s]" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *accord Jiminez v. Stanford*, 96 F.4th 164, 184-85 (2d Cir. 2024).

Here, Petitioner has not established cause for the procedural default. Under New York's contemporaneous objection rule, Petitioner was required to raise a specific objection at trial in 2005 to preserve his Confrontation Clause claim. The Motion appears to argue that *Smith*'s unavailability at the time was an external impediment to Petitioner's doing so. But the absence of *Smith* should not have prevented Petitioner from raising a Confrontation Clause objection at trial. As the Report points out, Petitioner *did* raise such a challenge in his direct appeal, citing *Crawford v. Washington*, 541 U.S. 36 (2004). Petitioner does not explain how *Smith*'s unavailability prevented him from complying with the contemporaneous objection rule. Because Petitioner has not established cause, the Court need not consider whether he has established prejudice.

Petitioner also has not established that enforcing the procedural bar would result in a fundamental miscarriage of justice. To invoke that exception, a claim of actual innocence "must be supported by new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Cosey v. Lilley*,

62 F.4th 74, 81 (2d Cir. 2023). Petitioner identifies no new evidence and instead challenges the admission and effect of evidence that was presented at trial.

The Objections do not compel a different result. The Objections dispute the Report's characterization of *Smith* as a change in substantive law, arguing that *Smith* merely clarified Confrontation Clause principles already established by *Crawford* and other Supreme Court precedent. In support, the Objections invoke *Andrew v. White*, 604 U.S. 86 (2025). The Objections' reliance on *Andrew* is misplaced. That case concerned the definition of "clearly established Federal law" under 28 U.S.C. § 2254(d)(1), which governs federal habeas review of claims adjudicated on the merits in state court. *See id.* at 92-95. Here, Petitioner's Confrontation Clause claim was not adjudicated on the merits in state court but instead was rejected as unpreserved. Moreover, if the relevant Confrontation Clause principles were already established before *Smith*, as the Objections argue, *Smith*'s absence should not have prevented Petitioner from raising the relevant objection at trial. Neither *Andrew* nor Petitioner's characterization of *Smith* provides a basis to disturb the prior procedural ruling. The record does not support a finding of "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See Metzler*, 970 F.3d at 143.

**C. Disposition of the Successive Habeas Claims**

Petitioner does not specifically object to the Report's recommendation that the successive habeas claims be denied as beyond the scope of Rule 60(b), rather than recharacterized as a successive habeas petition and transferred to the Second Circuit, "to give [Petitioner] an opportunity to make an informed decision as to whether he wishes to seek leave to file a successive habeas petition and can satisfy the requirements of Section 2244." That recommendation is reviewed for

clear error. *See Nambiar*, 158 F.4th at 360. As the recommendation is not clearly erroneous, it is adopted.

## IV. CONCLUSION

For the reasons above, the Objections are **OVERRULED**, the Report's recommendation is **ADOPTED in full**, and the Motion is **DENIED**.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion & Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous.").

The Clerk of Court is respectfully directed to (1) close the motion at Dkt. No. 42, (2) mail a copy of this Opinion & Order to pro se Petitioner and (3) substitute Lisa Anderson, Superintendent of Eastern N.Y. Correctional Facility, for William Lee as Respondent and amend the case caption accordingly.

Dated: September 16, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**